Dear Mr. Daniel:
This is in response to your request for an official opinion of this office on the following questions:
 a. Do the provisions of House Bill No. 29, enacted by the 82nd General Assembly relating to child passenger restraint systems, apply to children being transported on school buses?
 b. In the event school buses are required to install seat belts for children under the age of four years, does Article X, Section 21 of the Missouri Constitution affect this legislation?
As we understand your first question, you are concerned with children under four years of age who are transported to preschool programs on school buses. See, e.g., Section 162.700, RSMo 1978 (handicapped children preschool program). Section 302.010(15), RSMo Supp. 1982,[1] states:
 The term "school bus", when used in this chapter [a chapter dealing with drivers' and chauffeurs' licenses], means any motor vehicle, either publicly or privately owned, used to transport students to and from school, or to transport pupils properly chaperoned to and from any place within the state for educational purposes. [Emphasis in original.]
House Bill No. 29, First Regular Session, 82nd General Assembly (hereinafter sometimes referred to as "H.B. 29"), states:
 Section 1. After January 1, 1984, every person transporting a child under the age of four years residing in this state shall be responsible, when transporting such child in a motor vehicle operated by that person on the streets or highways of this state, for providing for the protection of such child. When traveling in the front seat of a motor vehicle the child shall be protected by a child passenger restraint system approved by the department of public safety. When traveling in the rear seat of a motor vehicle the child shall be protected by either a child passenger restraint system approved by the department of public safety or the vehicle's seat belt. When the number of child passengers exceeds the number of available passenger positions, and all passenger positions are in use, remaining children shall be transported in the rear seat of the motor vehicle. The provisions of this act shall not apply to motor vehicles registered in another state, or to a temporary substitute vehicle.
 2. Any person who violates this section is guilty of an infraction and, upon conviction, may be punished by a fine of not more than twenty-five dollars and court costs.
 3. The provisions of this act shall not apply to any public carrier for hire.
 Section 2. In no event shall failure to employ a child passenger restraint system required by section 1 of this act, provide the basis for a claim of criminal or civil liability or negligence or contributory negligence of any person in any action for damages by reason of injury sustained by a child; nor shall such failure to employ such child passenger restraint system be admissible as evidence in the trial of any civil or criminal action.
 Section 3. The department of public safety shall initiate and develop a program of public information to develop understanding of, and insure compliance with the provisions of this act. The department of public safety shall, within thirty days of the effective date of this act, promulgate standards for the performance, design, and installation of passenger restraint systems for children under four years of age in accordance with federal motor vehicle safety standards and shall approve those systems which meet such standards. Any rule or portion of a rule promulgated pursuant to this Act may be suspended by the joint committee on administrative rules if after hearing thereon the committee finds that such rule or portion of the rule is beyond or contrary to the statutory authority of the agency which promulgated the rule, or is inconsistent with the legislative intent of the authorizing statute. The general assembly may reinstate such rule by concurrent resolution signed by the governor. [Emphasis added.]
First, Section 1.020.1(7), RSMo 1978, states:
 1. As used in the statutory laws of this state, unless otherwise specially provided or unless plainly repugnant to the intent of the legislature or to the context thereof:
. . .;
 (7) The word "person" may extend and be applied to bodies politic and corporate, and to partnerships and other unincorporated associations; [Emphasis added in part.]
Section 1.1 of H.B. 29 applies to "every person transporting a child under the age of four years residing in this state . . ., when transporting such child in a motor vehicle operated by that person on the streets or highways of this state, . . . ." (Emphasis added.)
A political body, such as a school district, or a corporate body, such as a private corporation that has contracted with a school district to provide school bus transportation services, cannot operate a motor vehicle, such as a school bus. In this instance, application of the definition of the word "person" in Section 1.020.1(7), RSMo 1978, is plainly repugnant to the context of that word as it appears in H.B. 29.
Assuming, arguendo, that H.B. 29 applies to school buses, the language of the statute would leave each individual school bus driver responsible for "providing for the protection of" the children being transported and chargeable with failing to provide such protection. Section 1.1 of H.B. 29. This would create severe economic disincentives for school bus drivers to transport children under four years of age to preschool programs. It cannot be presumed that the General Assembly intended such an improvident result.
Second, Section 1.1 of H.B. 29 specifies that a child shall be protected by a child passenger restraint system approved by the Department of Public Safety when traveling in the front seat of a motor vehicle, and that a child shall be protected either by a child passenger restraint system approved by the Department of Public Safety or the vehicle's seat belt when traveling in the rear seat of a motor vehicle. We believe this language indicates a legislative concern with passenger automobiles rather than with school buses, which have more than front and rear seats.
Third, Section 3 of H.B. 29 states in part:
 The department of public safety shall, within thirty days of the effective date of this act, promulgate standards for the performance, design, and installation of passenger restraint systems for children under four years of age in accordance with federal motor vehicle safety standards. . . . [Emphasis added.]
Motor Vehicle Safety Standard No. 222,49 C.F.R. Section 571.222
(1982), relating to school bus safety and occupant crash protection, does not rely on safety belts and child restraint systems for safety. See 15 U.S.C. § 1392(i) (1976). Subsection S4.4 of Motor Vehicle Safety Standard No. 208, 49 C.F.R. Section 571.208.S4.4 (1982) requires seat belts only in the driver's designated seating position for "buses" manufactured on or after January 1, 1972. Federal motor vehicle safety standards do not require seat belts and child passenger restraint systems in school buses. See Motor Vehicle Safety Standard No. 213,49 C.F.R. Section 571.213
(1982) (a safety standard dealing with child restraint systems). Because the General Assembly has specifically incorporated federal motor vehicle safety standards into H.B. 29, it follows that H.B. 29 does not require child restraint systems or seat belts in school buses. Therefore, for the reasons expressed, we are of the opinion that H.B. 29 does not apply to persons transporting children in school buses.
Given our answer to your first question, it is readily apparent that the answer to your second question is "no".
CONCLUSION
It is the opinion of this office that House Bill No. 29, First Regular Session, 82nd General Assembly, does not require the installation of seat belts or child passenger restraint systems in school buses.
Very truly yours,
 JOHN ASHCROFT Attorney General
[1] Section 301.010(27), RSMo Supp. 1982, defines the term "school bus" as "any motor vehicle used solely to transport students to or from school or to transport students to or from any place for educational purposes;".